**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

Jennifer Montoya, and
Joe C. Montoya as husband and wife          Civil Action No. _____

            **Plaintiffs**
v.
                                            HON._____

New Mexico Institute of Mining
And Technology,                             **COMPLAINT**
George Murillo, in his individual and       **DEMAND FOR JURY TRIAL**
official capacities,
David Urban, in his individual and official
capacities,
Scott Scarborough, in his individual and
official capacities,
Mona Torres, in her individual and official
capacities,
Leonard Garcia,
in his individual and official capacities,
Jointly and severally

            **Defendants.**

_____/

The Law Offices of
John Tiwald, P.C.
Co-counsel for Plaintiff
6121 Indian School Road N.E.
Albuquerque, NM 87110-3179
(505) 883-4133

The Law Office of
David L. Dotson
Co-counsel for Plaintiff
P.O. Box 115
Socorro, NM 87801
(575) 838-2070

_____/

## COMPLAINT

NOW COMES Plaintiffs, Jennifer Montoya and Joe C. Montoya, by and through their attorneys John Tiwald of the John Tiwald Law Firm, P.C. and David L. Dotson, and for their Complaint states the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Jennifer Montoya and Joe C. Montoya are husband and wife, are domiciled in the City of Socorro, in the County of Socorro, in the State of New Mexico.

2. Defendant New Mexico Institute of Mining and Technology (Hereinafter referred to as "NMIMT") is an institution of higher education of the State of New Mexico operated by a Board of Regents, located in Socorro, Socorro County, State of New Mexico.

3. Energetic Materials Research and Testing Center (Hereinafter referred to as "EMRTC") is a division of NMIMT. For the purposes of this Complaint, NMIMT and EMRTC act and have acted through Daniel Lopez, NMIMT President.

4. Defendant NMIMT was endowed by the State of New Mexico with powers or functions governmental in nature; as such it became an agent or instrumentality of the New Mexico State Government and subject to constitutional limitations imposed upon the state.

5. Defendant New Mexico Institute of Mining and Technology had the responsibility for the hiring, training, supervising, disciplining, and retaining law enforcement officers and employees that were employed directly and through its division EMRTC, including those individually named as defendants in this suit.

6.  Defendant David Urban is a pubic employee, employed as a security officer for EMRTC. Defendant was acting under color of state law in the course and scope of his duty as the security officer for EMRTC at all times material.

7.  Defendant George Murillo is a public employee, and is or was employed as the police chief and a law enforcement officer for NMIMT. Defendant was acting under color of state law in the course and scope of his duty as a law enforcement officer with NMIMT at all times material.

8.  Defendant Scott Scarborough is a public employee, and is or was employed as the assistant police chief and a law enforcement officer for NMIMT. Defendant was acting under color of state law in the course and scope of his duty as a law enforcement officer with NMIMT at all times material.

9.  Defendant Leonard Garcia is a public employee of NMIMT and was acting in the course and scope of his duty at all times material hereto.

10. Defendant Mona Torres is an employee of the Human Resources Department of NMIMT and was acting in the course and scope of duty at all times material hereto.

11. Defendant Law Enforcement Officer Scott Scarborough, Security Officer David Urban, Mona Torres and Leonard Garcia are being sued in their individual and official capacities.

12. This Court has original jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343.

13. This Court has pendant and ancillary jurisdiction over Plaintiff's state law claims under the N.M. Tort Claims Act 41-4-1 et. seq., pursuant to 28 U.S.C. § 1367.

14. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the incident alleged herein occurred in the District of New Mexico, as defined in 28 U.S.C. § 111.

## FACTUAL BACKGROUND

15. Plaintiff Jennifer Montoya and Defendant Leonard Garcia are employees of NMIMT and formerly worked together at EMRTC.

16. Upon information and belief, Defendant NMIMT had prior knowledge or notice of previous sexual incident(s) involving Leonard Garcia.

17. Defendant Leonard Garcia took an upwardly mobile position at the Petroleum Recovery and Research Center sometime in 2013.

18. Defendant Leonard Garcia was actively engaged in helping Plaintiff Jennifer Montoya secure an upwardly mobile position within NMIMT and its divisions by writing for her a letter of recommendation sometime prior to the events complained of.

19. On or about March 10, 2014, Defendant Leonard Garcia gave Plaintiff Jennifer Montoya his CPR card in order for her to laminate it.

20. On March 19, 2014, Defendant Leonard Garcia, Plaintiff Jennifer Montoya and others left NMIMT and went to lunch at the El Camino Restaurant in Socorro, New Mexico, to eat and to exchange the laminated CPR card belonging to Defendant Leonard Garcia.

21. Plaintiff Jennifer Montoya and Defendant Leonard Garcia were occupying the same vehicle both to and from the El Camino Restaurant.

22. After lunch on March 19, 2014, defendant Leonard Garcia invited Plaintiff Jennifer Montoya into his "new" office located on NMIMT property and Plaintiff Jennifer

Montoya accepted his offer.

23. Once inside defendant's office, defendant Leonard Garcia closed and locked the door behind him.

24. Defendant Leonard Garcia then made unwanted sexual advances and touched plaintiff Jennifer Montoya in a sexual way despite her repeatedly telling him "no" and to "stop."

25. Plaintiff Jennifer Montoya managed to break free from defendant Leonard Garcia and tried to leave the office.

26. Defendant Leonard Garcia pushed plaintiff Jennifer Montoya away from the door to keep her from leaving the office.

27. Defendant Leonard Garcia told plaintiff Jennifer Montoya that due to his wife being the secretary for the President of NMIMT (Dan Lopez) no person would believe her version of events over his.

28. Plaintiff Jennifer Montoya fought with defendant Leonard Garcia and managed to leave defendant Leonard Garcia's office.

29. At approximately 1 p.m. on March 19, 2014, Plaintiff Jennifer Montoya informed Defendant Security Officer David Urban that she had been sexually assaulted and battered by Leonard Garcia in his office located in the Petroleum Recovery and Research Center Building on NMIMT campus.

30. Defendant Security Officer David Urban told Plaintiff Jennifer Montoya to wait until the next day to address her allegations of sexual assault and battery.

31. Defendant Security Officer David Urban then met with Plaintiff Jennifer Montoya on March 20, 2014 and instructed Plaintiff to contact EMRTC and plaintiff then did contact

EMRTC employee Mona Torres.

32. EMRTC employee Mona Torres instructed plaintiff Jennifer Montoya to seek counseling and take FMLA leave.

33. On or about March 21, 2014, Plaintiff Jennifer Montoya's therapist notified NMIMT police department of defendant Leonard Garcia's sexual assault and battery on plaintiff.

34. On or about March 21, 2014, Plaintiff Jennifer Montoya was placed on FMLA leave.

35. NMIMT had timely actual notice of the occurrence in compliance with NMSA 41-4-16(B).

## COUNT I – FALSE IMPRISONMENT – Under N.M. State Law
### Claim against Defendant Leonard Garcia

36. Plaintiff Jennifer Montoya restates and incorporates by reference all other paragraphs of this Complaint.

37. Defendant Leonard Garcia knowingly, willfully and intentionally prevented Plaintiff Jennifer Montoya from leaving his office by physically blocking the door and by intentionally locking the door to restrain her in in his office, a bounded area, without justification or consent and deprived plaintiff of her personal liberty.

38. Defendant Leonard Garcia knew with substantial certainty that by locking the only door to his office, Plaintiff Jennifer Montoya could not voluntarily leave.

39. Defendant Leonard Garcia intended to confine Plaintiff Jennifer Montoya in his office for the purpose of sexually assaulting and attacking her.

40. Plaintiff Jennifer Montoya had no other means to escape her confinement by Leonard Garcia and was aware Defendant Leonard Garcia had confined her in his

office.

41. As a direct and proximate result of Defendant's acts, plaintiff Jennifer Montoya suffered physical harm and discomfort, pain, fear, humiliation, embarrassment, and psychological trauma.

## COUNT II – ASSAULT – Under N.M. State Law
**Claim against Defendant Leonard Garcia**

42. Plaintiff restates and incorporates by reference all other paragraphs of this Complaint.

43. Defendant Leonard Garcia knowingly, willfully and intentionally assaulted Plaintiff Jennifer Montoya by unlawful act in which he threatened, coerced, and forced her to engage in sexual contact against her will, causing her to reasonably believe she was in danger, causing her to be apprehensive and in imminent fear of an unwanted and involuntary sexual act contrary to N.M. State Law.

44. As a direct and proximate cause of Defendant Leonard Garcia's acts, plaintiff Jennifer Montoya suffered physical harm and deep emotional damage.

## COUNT III – BATTERY – Under N.M. State Law
**Claim against Defendant Leonard Garcia**

45. Plaintiff restates and incorporates by reference all other paragraphs of this Complaint.

46. Defendant Leonard Garcia knowingly, willfully, intentionally and unlawfully touched Plaintiff Jennifer Montoya in a rude, insolent or angry manner by touching her in a non-consensual sexual way contrary to N.M. State Law.

47. Defendant Leonard Garcia's intentional non-consensual and illegal sexual touching of Plaintiff Jennifer Montoya was harmful and offensive contact.

48. As a direct and proximate result of Defendant Leonard Garcia's harmful, offensive and illegal acts, plaintiff Jennifer Montoya suffered physical harm and deep emotional damage.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – Under N.M. State Law
### Claim against all Defendants except Leonard Garcia

49. Plaintiff restates and incorporates by reference all other paragraphs of this Complaint.

50. Defendant Leonard Garcia intentionally locked plaintiff Jennifer Montoya inside his office and intentionally sexually assaulted and battered her.

51. Defendant Leonard Garcia's conduct was extreme and outrageous.

52. Defendant's acts are the direct and proximate cause of plaintiff's severe emotional distress.

53. Plaintiff Jennifer Montoya suffers severe emotional distress as a result of defendant's conduct that is requiring ongoing professional treatment.

## COUNT V – LOSS OF CONSORTIUM
### Claim against all Defendants

54. Plaintiffs restate and incorporate by reference all other paragraphs of this Complaint.

55. Plaintiffs enjoyed a close marital relationship. However, as a direct and proximate result of the acts and omissions of Defendants and any of them, Plaintiff Joe C. Montoya has suffered loss of society, comfort, companionship and sexual relations resulting from the injury to Jennifer Montoya and is entitled to all such damages as are permissible by law.

**COUNT VI – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983**
**Claim against all Defendants**

56. Plaintiff restates and incorporates by reference all other paragraphs of this Complaint.

57. At all times material hereto Defendant Leonard Garcia was working for NMIMT in his capacity as an employee and through his position was able to approach, intimidate, assault, and batter Plaintiff Jennifer Montoya, where his acts violated Plaintiff's Substantive Due Process Rights by violating plaintiff's personal privacy and bodily integrity.

58. Defendant Security Officer David Urban and defendant EMRTC employee Mona Torres were employees of EMRTC and working in their capacity as employees.

59. Defendant NMIMT and EMRTC had a sexual harassment policy, and had a duty to protect similarly situated females by properly reporting the crime of sexual assault and battery to the NMIMT police department and appropriate law enforcement agencies.

60. Defendant Security Officer David Urban, defendant EMRTC employee Mona Torres, and NMIMT failed to act in a manner which reasonably prudent persons in their positions would do in order to protect Plaintiff by notifying NMIMT police department and other appropriate law enforcement agencies to protect plaintiff and other similarly situated women from further assault, thereby violating Plaintiff's due process rights against unwelcome and unwanted sexual advances.

61. Defendant Security Officer David Urban, defendant EMRTC employee Mona Torres and NMIMT knew or should have known and foreseen that failure to properly report Jennifer Montoya's complaints to appropriate law enforcement agencies created unreasonable risk

of spoliation of crucial evidence.

62. Defendant Security Officer David Urban and defendant EMRTC employee Mona Torres had a duty to the Plaintiff to equally protect her by law by following the sexual harassment policy that included immediately notifying NMIMT campus community, NMIMT police department and other appropriate law enforcement agencies of her allegations.

63. Defendant Security Officer David Urban and defendant NMIMT employees failed to act in a manner which reasonably prudent persons in their positions would do in following NMIMT's policy and proper reporting of the alleged incident to NMIMT campus community, NMIMT police department and other appropriate law enforcement agencies.

64. Defendant Law Enforcement Officers George Murillo and Scott Scarborough failed to act in a manner which a reasonably prudent person in their positions would do in following emergency policy and procedures when they waited approximately six days after Scott Scarborough was notified of the incident, to conduct an investigatory interview of Defendant Leonard Garcia.

65. Defendant Law Enforcement Officers, Security Officer, and Human Resources personnel's acts and omissions in failing to follow sexual harassment policy that included the reporting the Plaintiff's alleged sexual assault to the NMIMT community, appropriate law enforcement agencies and investigating Plaintiff's alleged sexual assault and battery, amounted to deliberate indifference.

66. Defendant Law Enforcement Officers George Murillo and Scott Scarborough as well as Security Officer David Urban's actual knowledge of the Plaintiff's alleged sexual assault

and battery and failure to properly act posed a strong likelihood that spoliation or degradation of crucial DNA evidence could result.

67. Prior to the events described herein, Defendant NMIMT developed and maintained policies, practices, and/or customs exhibiting deliberate indifference to Federal Law and the Federal and State Constitutional rights of its employees, including plaintiff Jennifer Montoya.

68. As applied by all Defendants, the Policies and Procedures of Defendant NMIMT violated Jennifer Montoya's Constitutional substantive due process right and equal protection right to be free from unwelcome and unwanted sexual advances, have a work environment that does not pose the risk of sexual assault and battery. They violated her right to know of all prior sexual assaults at her work environment, all under the Civil Rights Act of 1964.

69. As applied by all Defendants, the Policies and Procedures of Defendant NMIMT violated the Plaintiff's substantive due process rights, equal protection , and to be treated equally under state and federal law as applied under the 14th Amendment of the United States Constitution, and Article II, Section 18 of the N.M. Constitution.

70. Defendant Law Enforcement Officer's, Security Officer's and Human Resources employee's acts or omissions were in violation of the Jennifer Montoya's substantive due process and equal protection rights under the 14th Amendment of the United States Constitution and Article II, Section 18 of the N.M. Constitution.

71. Defendants Leonard Garcia, David Urban and Mona Torres cannot claim qualified immunity, as they are not law enforcement officers.

72. All Defendants' violations of Plaintiff's Constitutional rights proximately caused Plaintiff to suffer substantial injuries and damages.

### COUNT VII - RESPONDEAT SUPERIOR
### Claim against Defendant NMIMT

73. Plaintiffs restate and incorporate by reference all other paragraphs of this Complaint.

74. Defendant NMIMT is responsible for the hiring, training, instruction, supervising, and disciplining of Defendant Law Enforcement Officers George Murillo, Scott Scarborough, Security Officer David Urban, and Human Resources employee Mona Torres and the Defendant Leonard Garcia.

75. Defendant Law Enforcement Officers George Murillo, Scott Scarborough and Security Officer David Urban were incorrectly informed by NMIMT –either intentionally or through improper training – that they owed no duty of care to plaintiff Jennifer Montoya.

76. Defendant NMIMT had the right to control the manner in which the details of the work to be performed by the Defendant Law Enforcement Officers, Security Officers, Human Resources employees and Defendant Leonard Garcia at the time of the events, even though the right of control may not have been exercised.

77. Defendant Law Enforcement Officers George Murillo, Scott Scarborough and Security Officer David Urban were on duty at the time of the events alleged in this Complaint.

78. Defendant Law Enforcement Officers George Murillo, Scott Scarborough and Security Officer David Urban were engaged in the business of enforcing laws for their employer NMIMT at the time of the events alleged in this Complaint.

79. Defendant Law Enforcement Officers George Murillo, Scott Scarborough and Security

Officer David Urban were not engaged in activities outside the scope of their employment at the time of the events alleged in this Complaint.

80. Defendant Human Resources Employee Mona Torres was not engaged in activities outside the scope of their employment at the time of the events alleged in this Complaint when she placed plaintiff on FMLA leave.

81. Defendant NMIMT is liable for any wrongful acts or omissions of the Defendant Law Enforcement Officers George Murillo, Scott Scarborough, Security Officer David Urban, Human Resources employee Mona Torres, and defendant Leonard Garcia.

82. NMIMT's acts and omissions were the actual and proximate cause of Plaintiffs' injuries and damages.

## COUNT VIII – NEGLIGENCE
### Claim against all Defendants except Leonard Garcia

83. Plaintiffs restate and incorporate by reference all other paragraphs of this Complaint.

84. On March 19, 2014, plaintiff informed Defendant Security Officer David Urban that defendant Leonard Garcia had sexually assaulted her.

85. Defendant Security Officer David Urban failed to report to NMIMT police that plaintiff had been sexually assaulted until the following day.

86. Defendant Security Officer David Urban knew or should have known and foreseen that the failure to report the alleged sexual assault on plaintiff to NMIMT campus police could result in lost evidence, deprivation of plaintiff's Constitutional Rights, and severe emotional harm.

87. Defendant Security Officer David Urban failed to act in which reasonably prudent law

security officer would do by having the incident investigated and any evidence collected or otherwise preserved.

88. Defendant Law Enforcement Officer Scott Scarborough knew or should have known the possible existence of DNA evidence that could have linked defendant Leonard Garcia to the alleged sexual assault.

89. Defendant Law Enforcement Officer Scott Scarborough seized key evidence because it potentially contained key DNA evidence of a crime against plaintiff.

90. Defendant Law Enforcement Officers George Murillo and Scott Scarborough knew or should have known and foreseen that the failure to have key evidence DNA timely tested could result in deterioration of any DNA.

91. Defendant Law Enforcement Officers George Murillo and Scott Scarborough had a duty of care to the plaintiff to have key evidence DNA tested to prove or disprove plaintiff's allegations.

92. Upon information and belief, Defendant Law Enforcement Officers George Murillo and Scott Scarborough failed to have key evidence DNA tested.

93. Defendant Law Enforcement Officers George Murillo and Scott Scarborough failed to act in a manner which reasonably prudent law enforcement officers would do by having key evidence DNA tested.

94. Defendant Law Enforcement Officers George Murillo, Scott Scarborough and Defendant Security Officer David Urban knew or should have known and foreseen that failure to DNA test key evidence posed unreasonable risk of deterioration of evidence necessary to prove sexual assault and battery by the defendant Leonard Garcia.

95. Defendant Law Enforcement Officer George Murillo, Scott Scarborough, Security Officer David Urban, and Human Resources employee Mona Torres intentionally failed to properly report the crime of sexual assault against plaintiff by Leonard Garcia to the proper persons and law enforcement authorities.

96. Defendant Law Enforcement Officers George Murillo and Scott Scarborough, Security Officer David Urban, and Human Resources employee Mona Torres knew with certainty that their failure to properly report and properly investigate the alleged sexual assault, would allow defendant Leonard Garcia the opportunity to further assault plaintiff and allow key evidence to be destroyed.

97. Defendant Law Enforcement Officers George Murillo and Scott Scarborough, Security Officer David Urban, and Human Resources employee Mona Torres's failure to properly report the sexual assault actually and proximately caused Jennifer Montoya severe emotional distress.

98. Defendant Law Enforcement Officers George Murillo and Scott Scarborough, Security Officer David Urban, and Human Resources employee Mona Torres all exercised callous disregard for the plaintiff by not properly investigating the sexual assault and battery.

99. The failure of Defendant Law Enforcement Officers George Murillo and Scott Scarborough, Security Officer David Urban, and Mona Torres to properly investigate the sexual assault and battery was not justifiable under all of the circumstances.

100.    The acts or omissions of Defendant Law Enforcement Officers George Murillo and Scott Scarborough, Security Officer David Urban, and Mona Torres in failing to properly report, investigate and prosecute the defendant Leonard Garcia, advanced the

interests of their employer NMIMT.

101.      Defendants' acts or omissions were the actual and proximate cause of Plaintiff's injuries and damages.

## COUNT IX – NEGLIGENCE IN TRAINING AND SUPERVISING EMPLOYEES
### Claim against New Mexico Institute Of Mining and Technology

102.      Plaintiff restates and incorporates by reference paragraphs 1-101 of this Complaint.

103.      Defendant NMIMT was the employer of the Defendant Law Enforcement Officer George Murillo and Scott Scarborough, defendant David Urban, and Human Resources employee Mona Torres at the time of the events alleged in this Complaint.

104.      Defendant NMIMT was the supervisor of the Defendant Law Enforcement Officer George Murillo and Scott Scarborough, defendant David Urban, and Human Resources employee Mona Torres at the time of the events alleged in this Complaint.

105.      Defendant NMIMT knew or should have known that failing to supervise the conduct of Defendant Law Enforcement Officers George Murillo and Scott Scarborough, defendant David Urban and Human Resources employee Mona Torres to follow policies and procedures and State and Federal laws at the time of the events alleged in this Complaint posed an unreasonable risk of injury to plaintiff.

106.      Defendant NMIMT's acts and omissions were the actual and proximate cause of Plaintiff's injuries and damages.

## DAMAGES

107.    Plaintiffs restate and incorporate by reference paragraphs 1-106 of this Complaint. The judgment for damages requested by the Plaintiff is against the defendants, and each of them, as permitted and authorized by law.

108.    As a direct and proximate result of the actions and failure to act of all of the Defendants and each of them, as stated in this Complaint, Plaintiffs suffered injuries including but not limited to:

   a.  Damages pursuant to the Civil Rights Act of 1964, the 14th Amendment to the United States Constitution and Article II, Section 18 of the New Mexico Constitution;

   b.  Pain, agony, and suffering experience by the Plaintiff Jennifer Montoya;

   c.  Lost earnings, lost sick and annual leave;

   d.  The mitigating or aggravating circumstances attending the wrongful acts or omissions of the Defendants;

   e.  The emotional distress to Plaintiff Jennifer Montoya;

   f.  Loss of consortium to Plaintiff Joe C. Montoya;

   g.  The expenses of seeking and receiving counseling;

   h.  Other damages permitted by New Mexico Law;

   i.  Plaintiffs asks for exemplary and punitive damages against all Defendants for their intentional omissions and failure to act;

   j.  Plaintiffs also ask for pre-judgment interest, costs and such other relief as is proper;

Page **17** of **18**

k.   Other damages currently unascertainable.


# DEMAND FOR JURY TRIAL

Plaintiffs, pursuant to FRCP 38, demand a jury trial on all issues which may be tried by a jury.


Respectfully submitted,

John Tiwald, Co-counsel for Plaintiffs
6121 Indian School Road NE, Suite 210
Albuquerque, New Mexico 87110-3179
505-883-4133

*/s/ John Tiwald — for electronic filing*

David L. Dotson, Co-counsel for Plaintiffs
P.O. Box 115
Socorro, New Mexico 87110-0115
505-288-8742

*/s/ David L. Dotson — for electronic filing*